UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY ABDQ HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>THE MIDDLESEX OFFICE OF THE PUBLIC DEFENDER,<br><br>Defendants. | Civil Action No. 17-1312 (FLW)<br><br>MEMORANDUM AND ORDER |

Plaintiff Gary Abdq Davis, a prisoner confined at South Woods State Prison, seeks to bring a civil action in this District, but he has not submitted a complaint or the required filing fee. Instead, he has submitted what appears to be a Notice of Tort Claim against the State of New Jersey, and a request for an "Extension of Time to File Civil Rights Complaint." (ECF Nos. 1, 1-1.) For the reasons explained in this Memorandum and Order, the Court will deny the request for an extension of time, and administratively terminate this action for Plaintiff's failure to submit a complaint with either the required filing fee or an application to proceed *in forma pauperis*.

If a prisoner meets certain financial requirements, he or she is permitted to bring a civil action *in forma pauperis*, without prepayment of fees or security. The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes these financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his

1

complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring

another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Here, Plaintiff has failed to submit the filing fee or a complete application to proceed *in forma pauperis* as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement. Plaintiff has also failed to submit a complaint, and has instead requested an extension of time within which to file his complaint. Plaintiff contends that he makes this request pursuant to Rules 7.1, 26, and 45 of the Federal Rules of Civil Procedure, and Rule 4.3 of the Appellate Rules.[1] These Rules, however, do not authorize an extension of time within which to file an initial complaint, and the Court is not aware of any federal rule that extends the time for filing an initial complaint. The Court will therefore direct the Clerk of the Court to administratively terminate this action at this time, and will permit Plaintiff to file a complaint and either the filing fee or a complete application to proceed *in forma pauperis* within 30 days of the date of his receipt of this Memorandum and Order.

THEREFORE, it is on this day of April, 2017;

ORDERED that Plaintiff's request for an extension of time within which to file his initial complaint is DENIED; and it is further

---

[1] Plaintiff states in his letter to the Clerk of the Court that his claim(s) in this proposed civil action is dependent upon "resolution of [his] state criminal matter" and further states that he has filed a motion for a new trial in state court based on newly discovered evidence. (ECF No. 1-1, at 1.) In this regard, the Court notes that to the extent Plaintiff's civil rights claims in this proposed civil action would undermine the validity of his conviction or sentence in state court, those claims would be barred until such time that the conviction or sentence is invalidated. In *Heck v. Humphrey*, 512 U.S. 477, (1994), the United States Supreme Court held that a prisoner in state custody could not bring an action for monetary damages under 42 U.S.C. § 1983 challenging state actions related to a criminal sentence without first proving that the sentence had been reversed or invalidated on appeal. *Heck*, 512 U.S. at 487. The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90.

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case, without filing Plaintiff's submission or assessing a filing fee; and it is further

ORDERED that the Clerk of the Court shall send Plaintiff the form to be used by a prisoner filing a civil rights complaint; and it is further

ORDERED that the Clerk of the Court shall also send Plaintiff a blank form application to proceed *in forma pauperis*; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court within 30 days of his receipt of this Memorandum and Order; Plaintiff's writing shall include a signed Complaint and either a complete *in forma pauperis* application, including a certified six-month prison account statement, or the $400 fee, including the $350 filing fee plus the $50 administrative fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, accompanied by (1) a complaint and (2) either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge